PHILLIP A. TALBERT
Acting United States Attorney
ANGELA L. SCOTT
MICHAEL W. REDING
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00110-JAM |
|---|---|
| Plaintiff, | [~~PROPOSED~~] ORDER REGARDING GOVERNMENT'S DISCLOSURE OF SENSITIVE MATERIALS AND PERSONAL IDENTIFICATION INFORMATION |
| v. | |
| JUAN ZAMORA TORRES, JULIO MENDOZA MADRIGAL, DORIAN MICHAEL WILLES, ROBERT LEWIS MCCOMMAS, and HEATHER LEIGH ROMOSER, | |
| Defendant. | |

The Court has received and considered the jointly-filed Stipulation Regarding Disclosure of Sensitive Materials and Personal Identifying Information between Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant JUAN ZAMORA TORRES, by and through his counsel of record, Noa Oren; defendant JULIO MENDOZA MADRIGAL, by and through his counsel of record Preciliano Martinez; ROBERT LEWIS MCCOMMAS, by and through his counsel of record Michael Long; and DORIAN WILLES, by and through his counsel of record Chris Cosca. ZAMORA TORRES, MENDOZA MADRIGAL, MCCOMMAS, and WILLES are hereinafter referred to as "defendants."

Good cause showing, IT IS HEREBY ORDERED THAT:

1

1. The government will identify the discovery materials in this case the disclosure of which could jeopardize the safety of witnesses or other persons or affect the confidentiality of ongoing investigations (the "Sensitive Materials").

2. The government will mark all Sensitive Materials with the following stamp or inscription: "SENSITIVE MATERIALS"

3. If the government distributes any document, compact disk, or other material bearing the above label:

    a. Defense counsel shall not distribute Sensitive Materials to anyone other than their own legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer-associates);

    b. Defense counsel shall not allow anyone other than themselves and their legal staff to possess, or maintain possession of, any Sensitive Materials;

    c. Defense counsel or their legal staff may show defendants Sensitive Materials, but may not allow defendants to possess Sensitive Materials other than in the presence of defense counsel or their legal staff;

    d. Defendants shall not distribute the sensitive materials to anyone;

    e. Defense counsel and defendants may not disclose the contents of any Sensitive Materials publicly, including in any court filing, without first meeting and conferring with government counsel, and, in any event, shall file any Sensitive Materials under seal.

4. The parties must confer before filing any motions regarding the government's disclosure (or lack of disclosure) of Sensitive Materials.

5. The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers and bank account numbers (collectively "personal information").

6. This personal information is found throughout the discovery in this case, which includes, among other records, thousands of pages of records from banks, other financial institutions, businesses and police departments.

///

7. IT IS FURTHER ORDERED THAT:

    a. Only defense counsel, defense counsels' agents, and the defendants may review the unredacted personal information contained in the discovery. Defense counsel, defense counsels' agents and defendants may only use the unredacted personal information or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

8. Only defense counsel and defense counsels' agents may make copies of any discovery containing unredacted personal information; the defendants may make copies for their own use only of any discovery containing unredacted personal information that has been provided to them by their defense counsel or their defense counsel's agents, and may not release any such copies to any third party.

9. At the conclusion of this matter, defense counsel will collect and destroy any and all copies of documents and portions thereof containing the personal information that defense counsel possesses and/or has made and distributed to their agents and/or defendants, except a copy set as necessary to maintain in defense counsels' case file.

10. This Order shall apply to unredacted personal information contained in all discovery produced in this case, including any discovery produced after entry of this Order.

IT IS SO ORDERED.

Dated: July 2, 2021

                                                  ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE